IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KAREN MICHELLE JONES, *Plaintiff*, v. CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, *Defendant*. | CASE NO. 6:13-cv-00059 **MEMORANDUM OPINION** NORMAN K. MOON UNITED STATES DISTRICT JUDGE |

This matter is before me on the parties' motions for summary judgment, the Report & Recommendation ("R&R") of United States Magistrate Judge Robert S. Ballou, and Plaintiff's objections thereto. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred this matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his R&R, advising that I should deny Plaintiff's Motion for Summary Judgment, and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed her objections, obligating me to undertake a *de novo* review of those portions of the R&R to which proper objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's objections and adopt the Magistrate Judge's R&R in full.

I. BACKGROUND

On October 8, 2010, Plaintiff Karen Michelle Jones ("Plaintiff" or "Jones") filed an application for Disability Insurance Benefits ("DIB") payments under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433, 1381–1383f. Plaintiff's last insured date was

September 30, 1996, and thus to receive DIB benefits, she must show that her disability began before that date and existed for twelve continuous months. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a).

Plaintiff was first diagnosed with Crohn's disease in August 1996. Plaintiff claims that her disability began prior to this point, as she allegedly experienced significant symptoms of the disease well before she was officially diagnosed. She alleges that these symptoms were disabling and constituted a severe impairment, causing extreme pain and fatigue, which often confined her to bed rest.

### A. The ALJ's Decision

The Commissioner denied Plaintiff's application at the initial and reconsideration levels of administrative review, and on July 26, 2012, an Administrative Law Judge ("ALJ") held a hearing to consider Plaintiff's disability claim. Plaintiff was represented by counsel at the hearing, which included testimony from Plaintiff as well as a vocational expert ("VE"). At the hearing, Plaintiff testified that she is disabled and unable to engage in any substantial gainful activity because of her Crohn's disease. On August 13, 2012, the ALJ entered his decision denying Plaintiff's claim.

Determining Social Security disability involves a five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). In this process, the Commissioner asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) the claimant is able to perform her past relevant work; and (5) the claimant can perform other specific types of work. *Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir.

– 2 –

Case 6:13-cv-00059-NKM-RSB   Document 20   Filed 03/30/15   Page 2 of 10   Pageid#: 550

2005) (citing 20 C.F.R. § 404.1520). The claimant has the burden of production and proof in Steps 1-4. *See Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). At Step 5, however, the burden shifts to the Commissioner "to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education, and work experience." *Id.* If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The ALJ made four factual findings. First, the ALJ found that Plaintiff last met the insured status requirements of the Act on September 30, 1996. Second, the ALJ found that Plaintiff did not engage in any substantial gainful activity during the period from the alleged onset of Crohn's disease in April 1991 through the date she was last insured, September 30, 1996. Third, the ALJ found that Plaintiff had Crohn's disease, a medically determinable impairment, on the date she was last insured. Fourth, the ALJ determined that plaintiff did not, through her date last insured, have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months, and thus did not have a severe impairment. Accordingly, the ALJ determined that Plaintiff was not disabled, as defined by the Act, at any point from April 1, 1991, the date of the alleged onset of her symptoms, and September 30, 1996, the date she was last insured.

On October 28, 2013, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g). Plaintiff filed this suit on December 26, 2013, seeking review of the Commissioner's decision.

### B. The Summary Judgment Motions

In her summary judgment filings, Plaintiff argues that the ALJ committed several errors. First and foremost, she contends the ALJ erred in determining that Plaintiff's Crohn's disease

– 3 –

Case 6:13-cv-00059-NKM-RSB   Document 20   Filed 03/30/15   Page 3 of 10   Pageid#: 551

was not a severe impairment prior to her date last insured. Similarly, she argues that the ALJ erred in finding that Plaintiff's subjective complaints of a disabling impairment were not fully credible. Plaintiff requests that the Court reverse the ALJ's decision because it is not supported by substantial evidence. In the alternative, if the Court determines that reversal is not appropriate, Plaintiff urges that the case be remanded on the basis of new evidence submitted to the Appeals Council, namely, the results of additional medical tests performed while plaintiff was hospitalized in August 1996.

Defendant responds that Plaintiff has failed to carry her burden of proving that she had a severe impairment on or before September 30, 1996, her date last insured, and that the ALJ's decision is supported by substantial evidence. Defendant draws particular attention to several aspects of the record, including the conclusions of two state agency physicians that Plaintiff did not have a severe impairment on or before September 30, 1996, and Plaintiff's statements to treating physicians that she was a "traveling evangelist" who was frequently on the move during the same period that she now claims to have experienced frequent and severe symptoms. Defendant dismisses the new evidence that Plaintiff submitted to the Appeals Council as mere "additional documentation" of Plaintiff's August 1996 diagnosis of Crohn's disease.

### C. The Magistrate Judge's Report and Recommendation

Magistrate Judge Robert S. Ballou recommends denying Plaintiff's motion for summary judgment and granting the Commissioner's motion. The Magistrate Judge's R&R deals with Plaintiff's arguments at great length. The Magistrate Judge noted that the medical record did not support Plaintiff's claim that her Crohn's disease resulted in severe impairment on or before her date last insured. Similarly, R&R noted that the statements Plaintiff submitted from her friends documenting their observations of her illness reflect that her symptoms were intermittent and not

– 4 –

consistently severe. Likewise, the Magistrate Judge found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were contradicted by the available medical evidence. The Magistrate Judge noted that while Plaintiff's condition progressed after the date of her insured, no medical evidence supported her contentions regarding its exacerbations prior to that date. As to the new evidence that Plaintiff introduced to the Appeals Council, the Magistrate Judge found that these documents were duplicative of other evidence already in the record, as the documents merely confirmed that plaintiff was hospitalized and diagnosed with Crohn's disease in August 1996. Accordingly, the Magistrate Judge determined that substantial evidence supported the ALJ's decision to find that Plaintiff's Crohn's disease was not a severe impairment and that Plaintiff's testimony to the contrary was not fully credible.

Plaintiff timely filed objections to the R&R. She objects to the R&R on three separate grounds. First, she objects to the R&R's determination that substantial evidence supported the ALJ's conclusion that Plaintiff's Crohn's disease was not a severe impairment prior to the expiration of Plaintiff's date last insured. Second, she objects to the R&R on the grounds that it was erroneous in finding that the ALJ properly analyzed Plaintiff's credibility. Lastly, she objects to the R&R on the grounds that it erroneously concluded that the additional evidence submitted to the Appeals Council did not warrant remand.

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is not a large or considerable amount of evidence. *Pierce v. Underwood*, 487 U.S. 552,

555 (1988). Rather, it comprises "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In determining whether the ALJ's decision was supported by substantial evidence, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971). The issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law. *Craig*, 76 F.3d at 589.

With respect to objecting to a magistrate judge's report, Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir.

1982). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal. 1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

### A. Severe Impairment and Credibility

Plaintiff objects to the R&R on the grounds that "[t]he medical evidence establishes plaintiff suffered from disabling symptoms stemming from her Crohn's disease well before her date last insured of September 30, 1996 and the [Magistrate Judge] erred in finding substantial evidence supported the ALJ's determination that it was not a severe impairment prior to the expiration of plaintiff's date last insured." Objections to R&R 3. Although Plaintiff seeks to characterize her argument differently, she is essentially contending that the R&R did not give adequate weight to the symptoms she experienced after September 30, 1996 or to the statements from her friends testifying to the severity of her symptoms prior to her date last insured.

For example, Plaintiff states that the R&R "does not acknowledge all of the flare-ups of plaintiff's Crohn's disease resulting in excessive diarrhea, debilitating pain and fatigue disease despite extensive treatment." *Id*. Plaintiff refers here to the medical records which document the worsening of her illness after her date last insured. In fact, the R&R did consider this evidence, noting that "although the record reflects that [Plaintiff's] Crohn's disease progressed after her date last insured, there is no medical evidence supporting [her] alleged frequency and duration of exacerbations prior to September 30, 1996." R&R 7. Indeed, Plaintiff herself acknowledges that the "the first medical evidence in the record documenting Plaintiff's Crohn's disease is dated

– 7 –

August of 1996." Objections to R&R 2. A review of that evidence, which relates to when Plaintiff was first diagnosed with Crohn's disease after being hospitalized from August 6 to 13, 1996, does not reveal anything to suggest that Plaintiff had suffered from frequent and severe symptoms prior to her date last insured. Indeed, upon being admitted, Plaintiff advised her treating physicians that she had suffered from an episode of "colitis" following an earlier childbirth, but also advised that the symptoms leading to her hospitalization had manifested only several weeks prior. R. 261.

The only evidence in the record that even arguably supports Plaintiff's claim of debilitating symptoms prior to her date last insured are three letters from her friends detailing their observations of her symptoms from various periods ranging between 1994 and 1997. As the ALJ explained, there is no medical evidence that Plaintiff's Crohn's disease caused severe symptoms prior to her date last insured. As noted above, the treatment records reflect that Plaintiff was first diagnosed with Crohn's disease in August 1996 and had only suffered from persistent symptoms for several weeks prior to this diagnosis. Accordingly, as explained in the R&R, the ALJ dealt with these letters at length, but "found that the statements of Jones and her friends concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with finding that [Plaintiff] has no severe impairment or combination of impairments." R&R 6-7. Moreover, the R&R observed that the statements from Plaintiff's friends described moderate and intermittent symptoms, with Plaintiff experiencing sporadic fatigue but also periods where she was "ok" and presumably could function normally. R. 189.

It is not the providence of this Court to reweigh evidence or to second-guess the credibility determinations made by the ALJ. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir.

– 8 –

Case 6:13-cv-00059-NKM-RSB   Document 20   Filed 03/30/15   Page 8 of 10   Pageid#: 556

2012) (explaining that a reviewing court "do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ].") (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). Further, "[b]ecause [the ALJ] had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As noted above, I find that the ALJ properly considered all of the evidence at issue and that substantial evidence supports his determination that Plaintiff did not suffer from disabling symptoms prior to September 30, 1996.

### B. Additional Evidence

Plaintiff argues that the Court incorrectly determined that additional evidence submitted to the Appeals Council does not warrant remand. Plaintiff contends that this evidence, medical records dating from August 6 to 9, 1996, provides novel information on the severity of Plaintiff's Crohn's disease. The Appeals Council must consider additional evidence only if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative and it is material if there is a reasonable possibility that consideration of it would have changed the outcome of the claim. *Id*. at 96.

The additional evidence in this case consists of medical records relating to Plaintiff's August 6, 1996 hospitalization and subsequent diagnosis of Crohn's disease. R. 442-50. These records provide supplemental information on the medical findings which led to the diagnosis of Crohn's disease, specifically the discovery of multiple ulcerations in Plaintiff's right colon during a colonoscopy and the results of colonic biopsies which found features compatible with Crohn's disease. These records do not provide any additional information regarding the severity

– 9 –

of Plaintiff's Crohn's disease. Accordingly, they are duplicative of the evidence already in the record reflecting that Plaintiff was diagnosed with Crohn's disease in August 1996, and there is no reasonable possibility that consideration of the additional evidence would have changed the outcome of the claim. The Magistrate Judge correctly determined that the additional evidence did not warrant remand.

## IV. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff properly objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an Order overruling Plaintiff's objections, adopting the Magistrate Judge's R&R in full, granting the Commissioner's Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and dismissing this action and striking it from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  30th  day of March, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE